David E. Stanley (SBN 144025)
Katherine W. Insogna (SBN 266326)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com
kinsogna@reedsmith.com

Michael X Imbroscio *(pro hac vice)*
Phyllis A. Jones *(pro hac vice)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com

Attorneys for Defendant
Eli Lilly and Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM & NICK HEXUM,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>　　　　Defendant.<br><br>* * *<br><br>CLAUDIA HERRERA and PETER LOWRY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>　　　　Defendant. | Case No. CV 13-02701<br><br>−SVW−MAN<br><br>Case No. CV 13-02702<br><br>−SVW−MAN<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO SUBSTITUTE EXPERT WITNESS**<br><br>Trial: May 5, 2015 |

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ...................................................................................................... 1

ARGUMENT ............................................................................................................ 5

A.     Plaintiffs Have Not Made a Showing of Good Cause or Diligence. .............. 6

B.     Substitution Would Prejudice Lilly And Burden The Court. ........................ 8

C.     If The Court Grants Plaintiffs' Request, Certain Conditions Are Necessary to Mitigate The Prejudice to Lilly. .................................................. 8

CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .......................................................................... 5, 7

*Mission Power Engineering Co. v. Continental Casualty Co.*,
    883 F. Supp. 488 (C.D. Cal. 1995) ...................................................................... 1

*Park v. CAS Enters., Inc.*,
    No. 08cv385 DMS (NLS), 2009 WL 4057888 (S.D. Cal. Nov. 19,
    2009) ............................................................................................................... 5, 6

*Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*,
    No. 2:04CV01971-MCE PAN, 2008 WL 4145440 (E.D. Cal.
    Sept. 3, 2008) ....................................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B) ........................................................................................ 4

Fed. R. Civ. P. 16(b)(4) ............................................................................................. 5

# INTRODUCTION

Roughly two months before trial, Plaintiffs move ex parte to (1) substitute their specific causation expert, Dr. Henry Lahmeyer, for a different expert, Dr. Joseph Glenmullen, and (2) serve new expert reports on March 15, 2015, squarely in the middle of the pretrial proceedings dictated by this Court's Scheduling Order and Local Rules. Plaintiffs offer little justification for this belated change in course — only a generalized, unsupported claim by counsel that Dr. Lahmeyer has a "serious medical condition." Nor do they explain their nearly month-long delay in raising with Lilly (and eventually with the Court) that Dr. Lahmeyer's condition rendered him entirely incapable of testifying in these cases. These omissions alone warrant denial of Plaintiffs' motion. They have failed to satisfy this Court's "good cause" standard for revisions to the applicable Scheduling Order.

In addition, Plaintiffs' proposal to make a last-minute expert substitution threatens significant prejudice to Lilly. Instead of preparing for the parties' May 5 trial setting, as anticipated by this Court's Scheduling Order, Lilly and its experts will be forced to devote critical resources in the lead-up to trial to the development of reports rebutting any opinions articulated by Plaintiffs' new expert; preparing to depose Dr. Glenmullen; and drafting Daubert papers well past the deadlines permitted under the existing pretrial deadlines. Given the absence of any record evidence supporting Plaintiffs' assertion of need for their last-minute substitution, the imposition of this burden would be acutely unfair.

The motion should be denied.

# BACKGROUND

Plaintiffs' *ex parte* motion[1] is the most recent volley in a series of evolving requests surrounding the testimony of Dr. Henry Lahmeyer, Plaintiff's proposed case-specific medical expert.

In accordance with Chief Judge King's original scheduling order, (Dkt. # 36 (Hexum); Dkt. # 40 (Herrera)), the parties exchanged initial expert reports, including Dr. Lahmeyer's report for Plaintiffs, on September 22, 2014. On October 22, 2014, Lilly served two expert reports rebutting the opinions offered in Dr. Lahmeyer's affirmative report. The parties scheduled Dr. Lahmeyer's deposition for December 11 and 12 to ensure completion of the deposition in advance of the December 13, 2014, expert discovery cut-off. *See* Lilly's Am. Notice of Dep. (Dec. 4, 2014), Ex. 1 to the Decl. of Phyllis A. Jones ("Jones Decl."). The parties confirmed the arrangements for Dr. Lahmeyer's deposition by e-mail on December 2, 2014. *See* E-mail from T. Leckman to P. Jones (Dec. 2, 2014), Jones Decl. Ex. 2. At no time during these discussions did Plaintiffs' counsel raise any medical impediment to Dr. Lahmeyer's ability to testify.

On December 8, 2014, three days before Dr. Lahmeyer's deposition was scheduled to begin, Plaintiffs' counsel sent a letter to counsel for Lilly (1) stating that Dr. Lahmeyer was "suffering from an illness that makes him medically unfit to testify as scheduled on Thursday, December 11 and Friday, December 12, 2014" and (2) requesting that Lilly "allow each Plaintiff 48 hours to substitute a specific causation expert who will adopt Dr. Lahmeyer's opinions, without any change to the reports" and requesting "a modest extension to produce a new expert (or experts) for deposition, no later than December 22, 2014." Letter from H.

---

[1] Lilly notes that, given Plaintiffs' delay in raising this issue with the Court, they have likely failed this Court's standard for seeking *ex parte* relief. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (*ex parte* relief available only when party establishes that she is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect").

| MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO SUBSTITUTE EXPERT | 2 | Case No. CV 13-02702 –SVW–MAN<br>Case No. CV 13-02702 –SVW–MAN |
|---|---|---|

1  Pogust to M. Imbroscio (Dec. 8, 2014), Jones Decl. Ex. 3.  Counsel offered no
2  information on the nature of the illness rendering Dr. Lahmeyer incapable of
3  proceeding with his recently-confirmed deposition.  Given the potential disruption
4  in expert discovery arising from a belated substitution, and in the absence of any
5  indication that Dr. Lahmeyer's condition would preclude him from testifying later,
6  counsel for Lilly agreed as an accommodation to reschedule Dr. Lahmeyer's
7  deposition for "early in the new year" and asked that Plaintiffs' counsel advise
8  when they had "better clarity on when he might be available."  E-mail from P.
9  Jones to H. Pogust (Dec. 8, 2014), Jones Decl. Ex. 4.  The parties confirmed this
10 arrangement by phone on December 9.  *See* E-mail from H. Pogust to P. Jones
11 (Dec. 8, 2014), Jones Decl. Ex. 5; Jones Decl. at ¶ 3.

12 　　　Having heard nothing further from Plaintiffs' counsel regarding this issue in
13 over a month, Lilly's counsel contacted Plaintiffs' counsel on January 16 to re-
14 schedule Dr. Lahmeyer's deposition.  *See* E-mail from J. Martínez Resly to T.
15 Leckman (Jan. 16, 2015), Jones Decl. Ex. 6.  After receiving no response, Lilly's
16 counsel contacted Plaintiffs' counsel again a week later.  *See* E-mail from J.
17 Martínez Resly to T. Leckman & K. O'Brien (Jan. 23, 2015), Jones Decl. Ex. 7.
18 Four days later, and nearly two months after Plaintiffs' December 8
19 communication, Plaintiffs' counsel announced for the first time that Dr. Lahmeyer
20 is "not able to continue forward as an expert in th[ese] case[s]."  E-mail from H.
21 Pogust to P. Jones (Jan. 27, 2015), Jones Decl. Ex. 8.  The cited reason was that
22 Dr. Lahmeyer was "not well."  *Id.*  Counsel, again, offered no more detailed
23 explanation for this abrupt departure from the parties' original agreement
24 concerning the continuation of Dr. Lahmeyer's deposition.  In the same
25 communication, Plaintiffs's counsel again raised the issue of substitution, but now
26 "propose[d] that [they] produce *new expert reports* on these cases within the next
27 30 days."  *Id.* (emphasis added).  Because Plaintiffs' proposal would require
28 "Lilly's experts to evaluate any new opinions and generate new rebuttal reports []

1 and Lilly's counsel to prepare to depose any new expert [] shortly before trial" and
2 threaten to disturb this Court's trial setting, Lilly's counsel responded that it
3 "c[ould] not agree to the last-minute change that [Plaintiffs] propose[d]." E-mail
4 from P. Jones to H. Pogust (Feb. 2, 2015), Jones Decl. Ex. 9.  As a further
5 accommodation, Lilly's counsel offered again to complete Dr. Lahmeyer's
6 deposition at a "slightly later date than originally anticipated." *Id.*

7       Plaintiffs' counsel informed Lilly the same day that they intended to move
8 to substitute Dr. Lahmeyer. *See* E-mail from H. Pogust to P. Jones (Feb. 2, 2015),
9 Jones Decl., Ex. 10.  Counsel for the parties conferred by phone on February 5,
10 2015.  *See* Jones Decl. at ¶ 4.  During the phone call, Lilly's counsel specifically
11 inquired about the nature of the condition that had now made Dr. Lahmeyer
12 completely unavailable to serve as an expert.  *See* E-mail from P. Jones to K.
13 O'Brien (Feb. 18, 2015), Jones Decl. Ex. 11.  Plaintiffs' counsel declined to
14 provide those details, but noted that, if compelled by the Court, counsel would
15 disclose the details of Dr. Lahmeyer's condition.  *Id.*

16       One week later, Plaintiffs's counsel inquired into whether Lilly's position
17 had changed.  *See* E-mail from H. Pogust to P. Jones (Feb. 12, 2015), Jones Decl.
18 Ex. 12.  For the reasons stated in its previous communication, and because
19 Plaintiffs had still not provided any additional information surrounding Dr.
20 Lahmeyer's alleged incapacity, Lilly confirmed that it "c[ould not] agree to this
21 late substitution." E-mail from P. Jones to H. Pogust (Feb. 16, 2015), Jones Decl.
22 Ex. 13.  The following day, counsel for Plaintiffs reiterated their intention to file a
23 motion to substitute and asked whether "Lilly [had] change[d its] position." E-
24 mail from K. O'Brien to P. Jones (Feb. 17, 2015), Jones Decl. Ex. 14.  Lilly
25 counsel responded that Lilly's position remained unchanged, particularly in light
26 of Plaintiff counsel's refusal to provide "more information to evaluate th[e]
27 assertion" that Dr. Lahmeyer is unavailable to testify. E-mail from P. Jones to K.
28 O'Brien (Feb. 18, 2015), Jones Decl. Ex. 11.  Lilly inquired into whether Plaintiffs

intended to provide an affidavit detailing the nature of the health concern that had unexpectedly made Dr. Lahmeyer unavailable to testify, noting that such information would likely be of value to Lilly — and the Court — in evaluating Plaintiffs' proposal. *Id.* Plaintiffs' counsel declined to do so. *See* E-mail from K. O'Brien to P. Jones (Feb. 18, 2015), Jones Decl. Ex. 15.

Plaintiffs filed their *ex parte* motion that same day, seeking an additional month to complete their proposed substitute expert report. This request comes over two months after counsel reportedly learned that Dr. Lahmeyer's medical condition might affect his ability to testify in these cases and less than eleven weeks before trial.

## **ARGUMENT**

After the deadline for expert discovery has passed, courts in the Ninth Circuit evaluate requests to substitute testifying experts designated pursuant to Fed. R. Civ. P. 26(a)(2)(B) under the "good cause" standard applicable to requests to modify an existing scheduling order under Rule 16(b)(4). *See, e.g.*, *Park v. CAS Enters., Inc.*, No. 08cv385 DMS (NLS), 2009 WL 4057888, at *2 (S.D. Cal. Nov. 19, 2009). Various factors are relevant to determining whether a party has satisfied the good cause standard, but the "focus of the inquiry is upon the moving party's reasons for seeking modification," and "if [the moving party is] not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts also assess the degree of prejudice to the opposing party in their good cause calculus and "the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion." *Id.* Importantly, absent of a showing of good cause, courts may deny requests for modification of the scheduling order regardless of the effect on the plaintiff's case. *See id.* (affirming district court's denial of a motion to modify

the scheduling order to add an additional defendant after the joinder deadline had passed even though the denial resulted in summary judgment against plaintiff).[2]

### A. Plaintiffs Have Not Made a Showing of Good Cause or Diligence.

Where movants seek to modify the scheduling order for health reasons, courts generally require the party to support the claim with specific evidence regarding the nature of the condition and its effect on that party. In *Meneweather*, for example, the district court for the Northern District of California denied a plaintiff's motion to continue pretrial document deadlines for the plaintiff's alleged health condition where the "[p]laintiff d[id] not attach any supporting medical documentation to his motion." 2012 WL 3670698, at *2. Where an expert's health is cited as the reason for a belated revision to the existing schedule, "[a]t a minimum . . . [the ill expert] sh[ould] provide a letter from his treating physician stating the nature of his medical condition and if, in that doctor's opinion, [he] can serve as an expert witness." *Park v. CAS Enters., Inc.*, No. 08cv385 DMS (NLS), 2009 WL 4057888, at *2 (S.D. Cal. Nov. 19, 2009) (additionally ordering the ill expert to sit for a deposition on the limited subject of his medical condition and the constraints therefrom). Absent a persuasive explanation for the modification and the party's demonstration of diligence in seeking the extension, courts routinely deny requests such as the one before this Court. *See, e.g.*, *Meneweather*, 2012 WL 3670698, at *2 (denying request to modify the scheduling order because plaintiff "presented an unsubstantiated, conclusory claim that he suffers from a medical condition that is preventing him being able to present his case and meet the aforementioned Court deadlines").

---

[2] The court reasoned that that "[t]he district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610.

Here, Plaintiffs belatedly move the Court for permission to modify the scheduling order without offering any meaningful information on why Dr. Lahmeyer is no longer capable of testifying or explaining their failure to raise this issue sooner with Lilly or the Court. *See* Letter from H. Pogust to M. Imbroscio (Dec. 8, 2014), Jones Decl. Ex. 3. Plaintiffs' request is based entirely on amorphous, conclusory assertions by counsel regarding Dr. Lahmeyer's health condition. Despite Lilly's explicit request for more guidance on the reason that an expert substitution is now necessary, the factual predicate for Plaintiffs' request remains a mystery — including to this Court. *See* E-mail from P. Jones to K. O'Brien (Feb. 18, 2015), Jones Decl. Ex. 11. Counsel's assertions of poor health falls far short of satisfying this Court's "good cause" standard, the Court need not credit Plaintiffs' unsubstantiated claims. *See Meneweather*, 2012 WL 3670698, at *2. Indeed, the cases cited by Plaintiffs bear this out. In each, the party seeking a continuance or substitution articulated the specific reason that the relief sought was justified. *See* Pls.' Mot. at 6. Despite seeking the extraordinary remedy of *ex parte* consideration on their motion, Plaintiffs have, by contrast, offered nothing on which this Court could find justification for a last-minute expert substitution that threatens to interfere with the parties' trial preparations and the pretrial schedule imposed by this Court.

Nor have Plaintiffs demonstrated diligence in raising this issue. The only explanation Plaintiffs offer for their delay is that "they remained hopeful that Dr. Lahmeyer's health would improve." Mot. at 4. But this does not explain their failure to inquire diligently with Dr. Lahmeyer and raise, as soon as practicable, his inability to testify. Indeed, Lilly did not learn of this issue until its counsel reached out to Plaintiffs' counsel to inquire about the need to re-set Dr. Lahmeyer's deposition. And once Lilly made its position clear on February 2, nearly three weeks ago, it was at a minimum incumbent on Plaintiffs to raise this issue promptly with the Court. This omission similarly warrants rejection of

Plaintiffs' proposed last-minute amendment of the existing Scheduling Order. *Cf.*, *e.g.*, *Johnson*, 975 F.2d 604 (denying motion to add defendant after joinder deadline where movant was aware of need to do so prior to deadline); *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. 2:04CV01971-MCE PAN, 2008 WL 4145440, at *1 (E.D. Cal. Sept. 3, 2008) (denying motion to modify scheduling order where movant could have discovered the issue before the dispositive motion deadline).

### B. Substitution Would Prejudice Lilly And Burden The Court.

The potential prejudice arising from Plaintiffs' proposed expert substitution independently "suppl[ies] additional reasons to deny [the] motion." *Johnson*, 975 F.2d at 609. Plaintiffs intend to submit new expert reports on March 15, less than two months before the current trial setting in these cases. They make no provision for rebuttal reports by Lilly's medical experts — explicitly allowed under the Scheduling Order — or any meaningful opportunity for Lilly to prepare to depose Plaintiffs' newly-designated expert. To the contrary, this late substitution would force Lilly, and its own experts, to devote significant time and resources to expert discovery matters during the period that this Court's Scheduling Order envisions that the parties would be focused in earnest on preparing for trial. Relatedly, it significantly disturbs the period reserved for full *Daubert* briefing and this Court's consideration of any *Daubert* motions filed by the parties. The imposition of this burden on Lilly, which has endeavored to comply with this Court's Scheduling Order, is fundamentally unfair.

### C. If The Court Grants Plaintiffs' Request, Certain Conditions Are Necessary to Mitigate The Prejudice to Lilly.

If the Court is inclined to grant Plaintiffs' motion, it should, at a minimum, take steps to minimize the prejudice to Lilly by imposing the following conditions:

- Requiring Plaintiffs' new expert to limit its opinions to the four corners of Dr. Lahmeyer's report — meaning that the opinions should not be broader

in scope, inconsistent with, or substantively different from those of Dr. Lahmeyer;

- Requiring Plaintiffs to serve the new expert report by Monday, March 2 to provide ample time for rebuttal(s), deposition, and a *Daubert* motion if applicable prior to the May 5 trial date;
- Requiring Plaintiffs to reimburse Lilly for the costs and fees of preparing additional rebuttal expert reports, conducting the deposition of the new expert, and preparing any necessary *Daubert* motions on the new opinions;
- Allowing Lilly to utilize Dr. Lahmeyer's opinions to cross-examine the new expert(s) or otherwise; and
- Ordering any other relief that justice may require.

## **CONCLUSION**

For the foregoing reasons, Lilly respectfully requests that the Court deny Plaintiffs' *ex parte* application.

DATED: February 19, 2015                                        Respectfully Submitted,

  /s/ David E. Staney_____

David E. Stanley
Katherine W. Insogna
REED SMITH LLP

Michael X Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP

Attorneys for Defendant
ELI LILLY AND COMPANY