David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com

Michael X. Imbroscio (pro hac vice)
Phyllis A. Jones (pro hac vice)
Kathleen E. Paley (pro hac vice)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com
kpaley@cov.com

Attorneys for Defendant
Eli Lilly and Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ERIN HEXUM AND NICK HEXUM, | No.: 2:13-cv-2701 SVW-MANx |
| --- | --- |
| Plaintiffs, | No.: 2:13-cv-2702 SVW-MANx |
| vs. | |
| ELI LILLY AND COMPANY, an Indiana corporation, | **SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO SUBSTITUTE EXPERT WITNESS** |
| Defendant. | |
| CLAUDIA HERRERA and PETER LOWRY, | Trial:     May 5, 2015 |
| Plaintiffs, | |
| vs. | |
| ELI LILLY AND COMPANY, an Indiana corporation, | |
| Defendant. | |

DC: 5634908-1

1 Pending before the Court is Plaintiffs' Ex Parte Application to Substitute Expert Witness (Herrera Doc. 126, Hexum Doc. 125), and Lilly's Opposition (Herrera Doc. 127, Hexum Doc. 126).  Lilly's summary judgment motion in Herrera is fully briefed and set for argument on March 16, 2015 (Doc. 134); Lilly's summary judgment motion in Hexum (Doc. 129) is being briefed.  Trial is currently set for both matters on May 5, 2015, although no decision has been made which of the two cases will be tried on that date if Lilly's summary judgment motions are denied.

In their Application, Plaintiffs suggest that their proposed new specific causation expert, Joseph Glenmullen, issue his report on March 15 and sit for a deposition shortly thereafter.  Application at 7 ("Dr. Glenmullen has been hard at work and will be prepared to serve a supplemental report by March 15, 2015 and provide his deposition testimony shortly thereafter.").  Lilly objected to this timing given the impending trial date and the absence of any substantiation for the reported inability to proceed with Dr. Henry Lahmeyer, Plaintiffs' initially-disclosed specific cause expert.

On Friday afternoon, March 6, 2015, the day their expert disclosures were due in another Cymbalta case pending in the District of Arizona, Plaintiffs' counsel in this matter filed a motion in that case seeking a 90-day extension of expert designation deadlines.  Seagroves v. Eli Lilly and Company, No. 59 (Motion and Pogust Declaration attached as Exhibit A hereto).  In that motion, Plaintiff sought a 90-day extension to allow Dr. Glenmullen to serve as the expert in that case because of Dr. Lahmeyer's stated unavailability.  In justifying the request for a 90-day extension, Plaintiffs' counsel told the Arizona court: "Dr. Glenmullen's schedule is similarly hampered by other professional responsibilities and a previously scheduled, three-week European travel commitment commencing March 18th."  Seagroves Mot. at 4 and Pogust Decl. at 3.

Plaintiff counsel's statement to the Arizona court about Dr. Glenmullen's "previously scheduled, three-week European" travel commencing on March 18 simply

cannot be squared with its promise to this Court, made only two weeks earlier, to serve Dr. Glenmullen's report on March 15 and "provide his deposition testimony shortly thereafter." Lilly has no explanation for how Plaintiffs' counsel in this case could seek the Court's forbearance by proposing the late designation of its substitute expert on a date, March 15, that would effectively eliminate any chance to have their expert deposed before trial. Nor does Lilly understand how, even if they only now became aware of Dr. Glenmullen's "previously scheduled" European travel, Plaintiffs' counsel would not have immediately advised this Court that the basis upon which they are seeking extraordinary *ex parte* relief in their pending Application can no longer be fulfilled.

      This latest development reinforces Lilly's concern about Plaintiffs' disregard of this Court's longstanding Scheduling Order in these cases. Lilly respectfully submits that in these circumstances, the Court would be well within its discretion to deny Plaintiffs' Application.

DATED: March 9, 2015

Respectfully Submitted,

/s/ David E. Stanley
David E. Stanley
REED SMITH LLP

Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
Kathleen E. Paley (*pro hac vice*)
COVINGTON & BURLING LLP

Attorneys for Defendant
ELI LILLY AND COMPANY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 2 -
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO SUBSTITUTE EXPERT WITNESS