David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com

Michael X Imbroscio *(pro hac vice)*
Phyllis A. Jones *(pro hac vice)*
Kathleen E. Paley *(pro hac vice)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com
kpaley@cov.com

Attorneys for Defendant
Eli Lilly and Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM and NICK HEXUM,<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | Case No.: 2:13-cv-2701 SVW-MANx<br><br>**MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT REGARDING ISSUES UNRELATED TO PLAINTIFF'S ALLEGED CYMBALTA DISCONTINUATION SYMPTOMS**<br><br>Date:      April 27, 2015<br>Time:      3:00 PM<br>Location:  Courtroom 6<br>Judge:     Hon. Stephen V. Wilson |

# NOTICE OF MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 27, 2015, at 3:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the United States District Court, Central District of California, Western District, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant Eli Lilly and Company will move the Court to exclude evidence and argument regarding issues unrelated to Plaintiff's alleged Cymbalta discontinuation symptoms, pursuant to Federal Rules of Evidence 402, 403, and 407.

The motion will be based on this notice of motion, the memorandum of points and authorities set forth below, and counsel's declaration and exhibits thereto. This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on March 16, 2015.

DATED: March 30, 2015

                        REED SMITH LLP

                        By  */s/ David E. Stanley*
                            David E. Stanley
                            REED SMITH LLP
                            Michael X Imbroscio *(pro hac vice)*
                            Phyllis A. Jones *(pro hac vice)*
                            Kathleen E. Paley *(pro hac vice)*
                            COVINGTON & BURLING LLP
                            Attorneys for Defendant
                            ELI LILLY AND COMPANY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

    A.    Evidence of Treatment-Emergent Risks, Including Suicidality And Hepatic Injury Should Be Excluded. ............................. 3

    B.    Evidence on The Possibility of Discontinuation-Emergent Seizures Should Be Excluded. ............................................................... 6

    C.    Evidence of Delays in Cymbalta's Approval Should Be Excluded. ....................................................................................................... 9

CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Acosta v. City of Costa Mesa*,
　718 F.3d 800 (9th Cir. 2013) ................................................................................. 2

*Cross v. Wyeth*,
　8:06-cv-429-T-23 AEP, 2011 U.S. Dist. LEXIS 67348 (M.D. Fla.
　June 23, 2011) .............................................................................................. 3, 5, 10

*Fasanaro v. Mooney Aircraft Corp.*,
　687 F. Supp. 482 (N.D. Cal. 1988) ............................................................. 6, 8, 10

*Harrington v. Comm'r of SSA*,
　2008 U.S. Dist. LEXIS 76245 (S.D. Cal. Sept. 29, 2008) ....................................... 2

*Mills v. United States*,
　764 F. 2d 373 (5th Cir. 1985) ................................................................................ 8

*In re Norplant Contraceptive Prods. Liab. Litig.*,
　MDL No. 1038, 1997 U.S. Dist. LEXIS 10382 (E.D. Tex. Feb. 24,
　1997) ........................................................................................................ 2, 3, 7, 8

*Ratner v. Gen. Motors. Corp.*,
　241 N.J. Super. 197 (App. Div. 1990) ............................................................ 2, 3, 5

*Skibniewski v. Wyeth Pharm. Inc.*,
　99-0842-CV-W-FJG, 2004 U.S. Dist. LEXIS 31014 (W.D. Mo. April
　1, 2004) ........................................................................................................ 2, 4, 5, 9

*Thomas v. Barnhart*,
　278 F.3d 947 (9th Cir. 2002) ................................................................................. 2

*United States v. Abel*,
　469 U.S. 45 (1984) .................................................................................................. 2

*United States v. Cabrera*,
　222 F.3d 590 (9th Cir. 2000) ................................................................................. 2

*In re Viagra Prods. Liab. Litig.*,
　658 F. Supp. 2d 950 (D. Minn. 2009) ................................................................ 2, 9

**Rules**

Fed. R. Evid. 401 ............................................................................................... 1, 2
Fed. R. Evid. 402 .................................................................................................. 2
Fed. R. Evid. 403 ....................................................................................... 2, 3, 5, 6

- iii -

MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT REGARDING ISSUES
UNRELATED TO PLAINTIFF'S ALLEGED CYMBALTA DISCONTINUATION SYMPTOMS

# INTRODUCTION

Plaintiff Erin Hexum alleges that upon discontinuation of Cymbalta therapy for her fibromyalgia, she experienced a grouping of symptoms, including numbness and tingling in her hands, an electrical sensation in her head, sensitivity to light, muscle spasms, cognitive difficulties, muscle heaviness, dizziness, vomiting, sweating, and bouts of anger . Whether Plaintiff's discontinuation of Cymbalta caused this discrete set of symptom is the central medical causation question presented in this suit.

Despite this narrow legal issue focused on a specific element of Cymbalta's safety profile, Lilly anticipates that Plaintiff will seek to introduce evidence on unrelated potential treatment- or discontinuation-emergent adverse events that are possible risks of Cymbalta treatment or discontinuation, but are not alleged in this litigation. The only reason to introduce this evidence on unrelated potential adverse events is to suggest that Cymbalta is an unreasonably dangerous medicine. Because such evidence is irrelevant and highly prejudicial, Lilly moves *in limine* to exclude it.

In particular, Lilly moves to exclude evidence falling into three broad categories:

- documents discussing the potential risk of certain treatment-emergent adverse events identified in the Cymbalta labeling, including suicidality and hepatic injury;
- evidence of discontinuation-emergent seizures, which the Plaintiff never experienced and does not allege; and
- documents related to delays in FDA's approval of Cymbalta based on questions about potential liver toxicity and manufacturing issues.

# ARGUMENT

Relevant evidence makes a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. "Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

judgment under Rules 401 and 403 . . . ." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 827 (9th Cir. 2013), citing *United States v. Abel*, 469 U.S. 45, 54 (1984). While relevant evidence is generally admissible, irrelevant evidence is inadmissible. *See* Fed. R. Evid. 402; *United States v. Cabrera*, 222 F.3d 590, 596 (9th Cir. 2000). A court may exclude evidence that satisfies the threshold relevancy inquiry of the Federal Rules where the probative value of that evidence would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In pharmaceutical product liability suits, courts routinely exclude evidence of unrelated potential adverse events as irrelevant where the record "offers no objective evidence that [Plaintiff's] medications. . . caused [those side effects.]" *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). "The failure to consider side effects of medication is not error where the side effects are not supported by the record." *Harrington v. Comm'r of SSA*, 2008 U.S. Dist. LEXIS 76245, *58 (S.D. Cal. Sept. 29, 2008); *see also In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 964 (D. Minn. 2009) (excluding as irrelevant evidence of adverse events for conditions other than those the plaintiffs alleged); *Skibniewski v. Wyeth Pharm. Inc.,* 99-0842-CV-W-FJG, 2004 U.S. Dist. LEXIS 31014, at *18-19 (W.D. Mo. April 1, 2004) (excluding "evidence of. . . any medical condition arising out of the use of [the subject medication] from which plaintiff does not claim to suffer."); *In re Norplant Contraceptive Prods. Liab. Litig.*, MDL No. 1038, 1997 U.S. Dist. LEXIS 10382 (E.D. Tex. Feb. 24, 1997) (granting defendant's motion to bar reference to the alleged inadequacy of the warnings for side effects that plaintiffs did not claim to experience); *Ratner v. Gen. Motors. Corp.*, 241 N.J. Super. 197, 206 (App. Div. 1990) (finding evidence listing a "cornucopia of possible side effects" is irrelevant and inadmissible if a plaintiff does not claim to have suffered those side effects).

MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT REGARDING ISSUES
UNRELATED TO PLAINTIFF'S ALLEGED CYMBALTA DISCONTINUATION SYMPTOMS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Even where "other events" evidence has some marginal relevance to the claims at issue, courts have repeatedly held that such evidence "most prominently conveys a sense of 'bad acts' or corporate bad character and offends Rule 403." *Cross v. Wyeth*, 8:06-cv-429-T-23 AEP, 2011 U.S. Dist. LEXIS 67348 at *17 (M.D. Fla. June 23, 2011) (excluding evidence and argument about the "history and events" leading to the addition of a warning about the risk of endometrial cancer, where the plaintiff did not suffer from endometrial cancer); *In re Norplant*, 1997 U.S. Dist. LEXIS 10382 at *3-4 (excluding evidence related to an injury not alleged); *Ratner,*, 241 N.J. Super. at 206 ("[W]e cannot say that plaintiff was not prejudiced by the laundry list of possible side effects . . . not a single one of which was related even obliquely to her own physical reaction.").

The evidence Plaintiff proposes to offer here falls squarely within the prohibitions outlined above. Evidence of issues beyond the scope of the specific adverse events alleged in this suit – including treatment-emergent risks, discontinuation events that Plaintiff never experienced, and approval delays due to unrelated matters – does not have the tendency to prove or disprove any consequential facts, and thus should be excluded as irrelevant. Even if this evidence had some probative value – and it does not – that value is substantially outweighed by the danger of unfairly prejudicing Lilly, confusing the issues, misleading the jury, and wasting the Court's time. Fed. R. Evid. 403.

**A.   Evidence of Treatment-Emergent Risks, Including Suicidality And Hepatic Injury Should Be Excluded.**

Based upon Plaintiff's exhibit disclosures, Lilly anticipates that Plaintiff will attempt to introduce documents discussing certain potential treatment-emergent risks identified in the Cymbalta label, including suicidality and hepatic injury. Examples of documents discussing treatment-emergent risks include, but are not limited to:

- **July 18, 2005 email from Karla Alaka to Donald Royston (Paley Decl. Ex. 1, CYM-02550075, Pl. Ex. 352) –** This email exchange

1  discusses treatment-emergent suicides in certain clinical trials for major
2  depression, as part of editing a document called "Cymbalta Suicide Slide
3  for Speaker Training."  Participants discuss the best way to present
4  clinical trial suicide data, including how to compare suicides found in the
5  Cymbalta arm with those in the placebo arm.

6 • **October 5, 2005 "Dear Health Care Professional" letter "Re: Safety**
7 **data on Cymbalta (duloxetine hydrocloride) - Hepatic Effects (Paley**
8 **Decl. Ex. 2, CYM-01737200, Pl. Ex. 72)** – This letter to health care
9  professionals highlights "new safety information" about the risk of
10 hepatotoxicity as a result of post-marketing reports of hepatic injury.  The
11 new labeling "extends the Precaution against using Cymbalta in patients
12 with substantial alcohol use to include those patients with chronic liver
13 disease."

14 • **March 9, 2007 email from Torkil Fredborg, subject "Rapporteur:**
15 **Suicidality wording for EU SPC" (Paley Decl. Ex. 3, CYM-01865850,**
16 **Pl. Ex. 86) –** This email explains that the European regulatory authority
17 "has requested that we update the SPC with wording about the risk of
18 suicidality among young adults."  Fredborg includes the language Lilly
19 was being asked to add to the European Cymbalta label.

20     Documents discussing treatment-emergent risks, including suicidality and
21 hepatotoxicity, are irrelevant because Plaintiff does not claim to have experienced
22 these side effects.  Her claims focus exclusively on specific symptoms she alleges
23 emerged after discontinuing Cymbalta.

24     Courts commonly exclude as irrelevant evidence of potential side effects of a
25 medication that are not the subject of the litigation at issue.  In *Skibniewski*, for
26 example, plaintiff argued that she should be able to introduce evidence of neurotoxic
27 side effects of the medication she had taken, even though she had not suffered any
28 neurotoxic side effects.  Plaintiff argued that the evidence was relevant because

"defendant had a duty to warn of all known serious risks or side effects," and she claimed that she would not have taken the medicine if warned of neurotoxicity. 2004 U.S. Dist. LEXIS 31014 at *18-19. The Court disagreed with plaintiff's relevance argument and held that "[b]ecause plaintiff does not have a neuro-toxicity injury. . . evidence of these should be excluded." Moreover, "failure to warn of a medical condition plaintiff does not have cannot serve as the basis of a failure to warn claim[.]" *Id.* Similarly, in *Ratner*, 241 N.J. Super. at 206, the appellate court overturned a jury verdict after the district court allowed counsel to discuss a variety of recognized side effects from a medicine, even though the Plaintiff did not allege experiencing those particular side effects. In reversing judgment, the Court explained that discussion of side effects where there was "no suggestion in this record that plaintiff suffered any of the side effects" was improper and "did not have a tendency to prove any material fact in the case." *Id.* at 206. The same logic applies here, where Plaintiff has made no showing that she suffered from either treatment-emergent suicidality, hepatic injury, or other treatment-emergent event. Evidence on the potential risks of these side effects does not tend to prove or disprove any material fact in this case, and it should be excluded.

Because Plaintiff does not allege experiencing either treatment-emergent suicidality or liver injury, evidence of these adverse events can serve no purpose but to prejudice Lilly and confuse the jury. Evidence of these risks "most prominently conveys a sense of 'bad acts' or corporate bad character" and, thus, "offends Rule 403." *Cross*, 2011 U.S. Dist. LEXIS 67348 at *17. In *Cross*, defendant Wyeth moved to exclude evidence of the history and events leading to the addition of a warning on its hormone therapy explaining the risk of endometrial cancer, where the plaintiff had not developed endometrial cancer. The plaintiff argued that the evidence was relevant for three distinct scientific purposes, but any relevance the Court found was outweighed by the risk of prejudice, and the evidence was excluded. The *Cross* court's reasoning applies all the more here, where the grave nature of the risks of

1  suicidality and liver toxicity is especially likely to inflame and prejudice the jury
2  against Lilly.
3       Finally, if evidence of treatment-emergent adverse events such as suicidality
4  and liver toxicity were admitted, Lilly would be obligated to explain the risks, Lilly's
5  relevant communications with the FDA about these risks, and the resulting warnings
6  included in the Cymbalta label.  This process would devolve into a time-consuming
7  mini-trial that risks confusing the issues and ultimately would not materially advance
8  the resolution of the issues before the jury.  This is a further basis for exclusion under
9  Fed. R. Evid. 403.  *Fasanaro v. Mooney Aircraft Corp.*, 687 F. Supp. 482, 485 (N.D.
10 Cal. 1988).

### B.  Evidence on The Possibility of Discontinuation-Emergent Seizures Should Be Excluded.

Although Plaintiff did not experience seizures upon discontinuation, many proposed exhibits note this risk.  These documents include, but are not limited to:

- **May 14, 2008 email from William Brookfield to Sharon Hoog, subject :Re: Duloxetine and drug discontinuation case reports" (Paley Decl. Ex. 4, CYM-01803373, Pl. Ex. 51)** – Brookfield states that he has "reviewed the 43 cases found by our pharmacy student that appear to be duloxetine discontinuation seizure[.]"

- **June 15, 2008 email from William Brookfield to Sharon Hoog, subject :Re: Duloxetine and drug discontinuation case reports" (Paley Decl. Ex. 5, CYM-01783238, Pl. Ex. 53)** – Hoog states that she is "reviewing the potential DC [discontinuation] related seizure documents the students put together."

- **June 18, 2008 Duloxetine Safety Management Team Meeting (Paley Decl. Ex. 6, CYM-01942646, Pl. Ex. 18)** – This document evaluates reports of "seizures upon discontinuation."  It states "'Convulsion' SMQ

  identified 363 cases" (CYM-01942662) and concludes "[n]o change to CDS recommended at this time."

- **February 5, 2009 email from Sonja Bragg to Sharon Hoog, subject "Re: PSUR 8?  Discontinuation seizures" (Paley Decl. Ex. 7, CYM-01799314, Pl. Ex. 54)** – In this document, Susanne Lee states that she is "updating our Global Response Document on (duloxetine) discontinuation-emergent symptoms and . . . made a note to check PSUR 8 for a report on seizures upon discontinuation."

- **January 28, 2013 email from Katherine Mybeck to Sara Mescher, subject "RE: Question on CDS language" (Paley Decl. Ex. 8, CYM-01766569, Pl. Ex. 32)** – The email exchange references "seizures upon treatment discontinuation."  Related documents appear at Paley Decl. Ex. 9 (Pl. Ex. 266, CYM-01867293) and Paley Decl. Ex. 10 (Pl. Ex. 267, CYM-01867298).

In addition to placing these documents on her exhibit list, Plaintiff has devoted significant time in depositions asking Lilly employees about the risk of seizures upon discontinuation, despite there being no evidence that she experienced discontinuation-emergent seizures.

As with evidence of treatment-emergent side effects discussed above, documents and testimony discussing discontinuation-emergent seizures are irrelevant where Plaintiff did not experience seizures upon discontinuation.  Information about a symptom Plaintiff never experienced does not make any fact that is of consequence to the case more or less likely.  The simple fact that other patients who took the same medication may have experienced seizures upon discontinuation does nothing to inform a jury about the Plaintiff's own discontinuation process.

The Court in *In Re Norplant* addressed this issue squarely when plaintiffs argued they should be permitted to introduce evidence about the warnings related to side effects they did not claim to have experienced.  Plaintiffs argued that "the full

constellation of side effects, both complained of and not complained of, should be allowed into evidence because 'if the plaintiff is not afforded the opportunity to evaluate all possible side effects, and is not warned about all possible side effects, then the adequacy of the warning is in issue, whether or not the plaintiff suffers from that particular side effect.'" 1997 U.S. Dist. LEXIS 10382 at *2.  The Court flatly rejected plaintiffs' position, finding that "whether the. . . physician warnings were not adequate with respect to an ***injury not alleged*** is ***not relevant*** to whether physicians were adequately warned of Plaintiffs' ***alleged injuries***." *Id* at *3. (emphasis added). *See also Mills v. United States*, 764 F. 2d 373 (5th Cir. 1985) ("The question of the adequacy of the warnings must be confined to consideration of whether the warnings were sufficient to inform the plaintiff of the risk of the particular condition or disease ***which allegedly caused his injury.*** . . Similarly, a determination that warnings were inadequate with respect to some other condition does not bear on our conclusion that [the deceased] was adequately informed of the risk of [the side effect he actually experienced]." (emphasis added).

Because Plaintiff does not allege experiencing discontinuation-emergent seizures, evidence of this risk can serve no purpose apart from prejudicing the jury. Seizures are among the types of risks particularly likely to capture the jury's attention and prejudice. *See In Re Norplant*, 1997 U.S. Dist. LEXIS 10382 at *3-4 ("even if relevant, the court finds that any probative value [of side effects not claimed by the plaintiffs] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.").  Because evidence of discontinuation-emergent seizures is unfairly prejudicial where plaintiff did not experience such seizures, the evidence should be excluded.  If this evidence were permitted, the resulting mini-trial would be time consuming and would risk confusing the issues before the jury. *Fasanaro*, 687 F. Supp. at 485.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**C.     Evidence of Delays in Cymbalta's Approval Should Be Excluded.**

In her complaint, Plaintiff alleged that "[i]n 2003, the FDA initially rejected Lilly's application to approve Cymbalta due to certain violations of good manufacturing practices ["GMPs"] and the risk of liver toxicity apparent in the drug's safety profile."  (Complaint ¶ 13).  Examples of these documents include, but are not limited to:

- **September 17, 2003 Memorandum from Paul J. Andreason, M.D. (FDA), subject "Recommendation for Approvable Action for Duloxetine in the Treatment of Major Depressive Disorder (Paley Decl. Ex. 11) –** In this memorandum, Dr. Andreason stated that Cymbalta was "NOT APPROVABLE" based on "significant cGMP violations," in addition to noting "potential liver toxicity." (*Id.* at 1, 3).

As with documents discussing adverse events the Plaintiff never experienced, documents related to delays in FDA's approval of Cymbalta based on alleged cGMP violations discovered during a pre-approval inspection are irrelevant.  Plaintiff does not claim that the delayed approval itself relates in any way to her alleged discontinuation symptoms, nor does she allege that the alleged cGMP violations referenced in the FDA's letter bear any material relation to her alleged injuries.  Where the "plaintiff has failed to show how the FDA inspection[] at issue [was] tied to the specific harm alleged," evidence of the inspection and resulting FDA action are irrelevant and inadmissible.  *Skibniekski*, 2004 U.S. Dist. LEXIS 31014 at *33-34.  *See also In Re Viagra*, 658 F. Supp. 2d at 966 (excluding evidence of certain FDA actions not related to the specific symptoms plaintiffs alleged experiencing).  Because it bears no relationship to Plaintiff's alleged symptoms, evidence of FDA's delayed Cymbalta approval should be excluded as irrelevant.

Even if this evidence had some minimal relevance, that relevance would be heavily outweighed by the risk of prejudice and jury confusion.  There is a strong risk that the jury would improperly infer wrongdoing by Lilly based on the FDA's initial

1  decision to deem Cymbalta "NOT APPROVABLE," regardless of the fact that Lilly
2  and FDA worked together to resolve any underlying concerns, and Cymbalta was
3  approved the next year.  Evidence of the delay in Cymbalta approval could be misused
4  to suggest that Cymbalta is an unreasonably dangerous medicine.  This unsafe image
5  would be reinforced by reference to the risks of severe side effects (*e.g.*, liver toxicity)
6  that are particularly likely to arouse the jury's prejudice.  Because evidence relating to
7  the delay in FDA approval would do nothing more than suggest "corporate bad
8  character" it should be excluded as unfairly prejudicial.  *Cross*, 2011 U.S. Dist.
9  LEXIS 67348 at *17.  If evidence of delayed FDA approval were admitted, Lilly
10 would be obligated to explain the complicated regulatory approval process for new
11 drugs, the FDA's specific findings, and the processes by which Lilly addressed these
12 findings.  The resulting mini-trial would risk confusing the issues and ultimately
13 would not materially advance the resolution of the issues before the jury.  *Fasanaro*,
14 687 F. Supp. at 485.

## CONCLUSION

For the foregoing reasons, Lilly respectfully requests that the Court grant this motion and exclude from trial evidence or argument regarding issues unrelated to the Plaintiff's alleged Cymbalta discontinuation symptoms.

DATED: March 30, 2015

REED SMITH LLP

By  */s/ David E. Stanley*
    David E. Stanley
    REED SMITH LLP

    Michael X Imbroscio *(pro hac vice)*
    Phyllis A. Jones *(pro hac vice)*
    Kathleen E. Paley *(pro hac vice)*
    COVINGTON & BURLING LLP

    Attorneys for Defendant
    ELI LILLY AND COMPANY