Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
POGUST BRASLOW & MILLROOD LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245

Attorneys for Plaintiffs ERIN HEXUM & NICK HEXUM (h&w), and CLAUDIA HERRERA & PETER LOWRY (h&w)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM & NICK HEXUM,<br>    Plaintiff,<br><br>v.<br><br>ELI LILLY & COMPANY, an Indiana corporation,<br>    Defendant.<br><br>* * * * *<br><br>CLAUDIA HERRERA & PETER LOWRY,<br>    Plaintiff,<br><br>v.<br><br>ELI LILLY & COMPANY, an Indiana corporation,<br>    Defendant. | No.: CV 13-2701 SVW−MAN<br>No.: CV 13-2702 SVW−MAN<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 5** |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5: TO EXCLUDE ARGUMENT AND EVIDENCE CONCERNING PERSONAL EXPERIENCES WITH CYMBALTA, DEPRESSION, OR FIBROMYALGIA <u>BY LILLY COUNSEL AND LILLY WITNESSES</u>**

## INTRODUCTION

Plaintiffs anticipate that counsel or witnesses for Defendant Eli Lilly & Co. ("Lilly") will attempt to share their own personal experiences (or those of their loved ones) regarding Cymbalta, depression, or fibromyalgia during trial.

## ARGUMENT

Federal Rule of Evidence 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Generally, relevant evidence is admissible and irrelevant evidence inadmissible. Fed. R. Evid. 402. However, the Court has discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The personal experiences at issue here have no place in the trial of this matter. They are not relevant to the central issues before the jury, and even if they were, their probative value would be substantially outweighed by the danger of unfair prejudice and confusion. They should be excluded.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court exclude any evidence or argument by Lilly counsel or its witnesses regarding their (or their loved ones') personal experiences with Cymbalta, depression, or fibromyalgia.

Dated: March 30, 2015                    Respectfully Submitted,


   /s/ T. Matthew Leckman
T. Matthew Leckman, Esq.
Pogust, Braslow & Millrood, LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245