David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com
mmandell@reedsmith.com

Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com

Attorneys for Defendant
Eli Lilly And Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM and NICK HEXUM,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ELI LILLY and COMPANY, an Indiana corporation,<br><br>　　　　　Defendant.<br><br>**************<br><br>CLAUDIA HERRERA and PETER LOWRY,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ELI LILLY and COMPANY, an Indiana corporation,<br><br>　　　　　Defendant. | Case No.: 2:13-cv-2701 SVW−MAN<br>Case No.: 2:13-cv-2702 SVW−MAN<br><br>**DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER DESIGNATING ORDER OF TRIALS** |

TO THE ABOVE-NAMED COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Eli Lilly and Company ("Lilly") applies ex parte for an Order designating the order in which the above-captioned cases will be tried.

Lilly makes this application ex parte because these cases are set for trial on May 5, 2015. Although Plaintiffs have made no formal motion to consolidate these two cases for trial, they have instead taken the position that because their cases are set for trial on the same day, the Court must intend to try them together, notwithstanding that no Court has made an order consolidating them for any purpose, much less for a single trial. Plaintiffs' unsubstantiated position is good cause to have Lilly's application heard ex parte so that Lilly can obtain clarity on this issue in time to make arrangements for fact and expert witnesses to appear at trial.

As evidenced in the attached Declaration of David E. Stanley, Lilly's counsel has informed counsel for all parties about the matters set forth in the ex parte application and Motion.

Pursuant to Local Rule 7-19, Plaintiffs counsel's contact information is set forth below:

**Bijan Esfandiari, Esq.**
**besfandiari@baumhedlundlaw.com**
**BAUM HEDLUND ARISTEI & GOLDMAN, P.C**
**12100 Wilshire Blvd., Suite 950. Los Angeles, CA 90025**
**Telephone: (310) 207-3233**

**Harris L. Pogust, Esq.**
**hpogust@pbmattorneys.com**
**T. Matthew Leckman, Esq. mleckman@pbmattorneys.com**
**POGUST BRASLOW & MILLROOD, LLC**
**161 Washington Street, Suite 1520, Conshohocken, PA 19428**
**Telephone: (610) 941-4204**

| | |
|---|---|
| 1 | This ex parte application is brought in good faith and for good cause, pursuant |
| 2 | to Local Rule 7-19, and is supported by the accompanying Memorandum of Points |
| 3 | and Authorities and the Declaration of David E. Stanley. |

DATED:   April 15, 2015

REED SMITH LLP

COVINGTON & BURLING LLP

*/s/ David E. Stanley*
David E. Stanley
REED SMITH LLP

Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP

Attorneys for Defendant
Eli Lilly And Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pending before the Court are two lawsuits brought by unrelated plaintiffs, each alleging injury from her discontinuation of Lilly's medicine Cymbalta. These cases, filed on the same day, have been linked for pretrial management and discovery and Lilly has summary judgment motions pending in both. The *Herrera* summary judgment motion was argued and submitted on March 16, 2015. The *Hexum* summary judgment motion is set for hearing on April 27, 2015. For the reasons set forth in those motions, Lilly does not believe either case can reach a jury.

Both cases are nominally set for trial on the same day, May 5, 2015. Pending disposition of Lilly's summary judgment motions, Lilly respectfully requests this Court to designate the order in which these two cases will be tried. Although both are set for trial on the same day, Plaintiffs have never sought, nor has any Court issued, an order consolidating them for a single trial. Nor has there been briefing on the propriety of joining two unrelated plaintiffs -- who took Cymbalta at different times for different illnesses prescribed by different physicians and discontinued Cymbalta in different ways. Nevertheless, Plaintiffs' counsel has taken the position that "I fully anticipate that based on the Court's pronouncements to date, that the cases are being tried jointly." See Exhibit A to Declaration of David E. Stanley ("Stanley Decl.")

Given the imminence of the trial dates and this Court's recent request for a trial estimate, Lilly requests confirmation that these cases have not been joined for trial and will not be tried together, and further for clarification as to which case, if any, will be tried beginning May 5, 2015. Such will assist the parties and the Court plan for whatever case is tried on May 5, including the length of the trial and witness scheduling, since joining the two unrelated cases into a single trial would substantially increase the length of the trial. Lilly has no preference as to which case gets tried first as long as each case is tried individually.

If the Court is considering a joint trial, Lilly submits that consolidation of these

– 3 –

two plaintiffs into the country's first Cymbalta trial invites juror confusion and prejudice given the Plaintiff-specific factual issues set forth below.

## II.   PROCEDURAL HISTORY

### A.   These Two Cases Have Never Been Consolidated

On April 17, 2013, Plaintiffs Sidney Carter, Erin Hexum, and Claudia Herrera filed three separate lawsuits against Lilly in the Central District of California. These cases were originally assigned sequential case numbers—02700, 02701, and 02702—respectively. Stanley Decl. ¶ 2.

On August 15, 2013, Lilly filed a Notice of Related Cases in each docket requesting that the cases be related and transferred to a single judge for further discovery proceedings. On August 20, 2013, the three cases were related and *Hexum* and *Herrera* were transferred for further proceedings before Judge George H. King, the judge initially assigned to the *Carter* action. *Id*. at ¶ 3.

On October 21, 2013, Judge King issued the first Scheduling Order for all three cases. *Id*. at ¶ 4.

On October 1, 2014, the cases were transferred to this Court pursuant to General Order 14-03. *Id*. at ¶ 5.[1]

On November 4, 2014, this Court issued a Minute Order following a Status Conference, setting the currently-pending trial dates for *Herrera* and *Hexum*. *Id*. at ¶ 6.

Although the parties have worked cooperatively to coordinate the discovery in these two cases, at no time has this or any other Court issued an order consolidating these individual cases for a joint trial, a substantive determination requiring far more weighty considerations that the administrative linking of cases to aide pretrial coordination. *Id*. at ¶ 7.

---

[1] Plaintiff Sidney Carter dismissed his case on September 12, 2014, shortly after giving his deposition.

– 4 –
DEFENDANT ELI LILLY AND COMPANY'S
EX PARTE APPLICATION FOR AN ORDER DESIGNATING ORDER OF TRIALS

Indeed, Plaintiffs have never made a substantive motion under Rule 42 to join these individual cases for a single trial. *Id.* at ¶ 8. Notwithstanding this procedural history, Plaintiffs' counsel has now taken the position that "based on the Court's pronouncements to date," their cases will be tried together in a single trial, and have insisted on certain steps -- like submitting a single exhibit list and single pretrial order -- that has led to considerable administrative difficulties and confusion. *See* Exhibit A to Stanley Decl..

### III.  ARGUMENT

This Court has discretion under Federal Rule of Civil Procedure 42 to decide whether cases should be combined for purposes of trial or tried separately. In making that decision, the Court must weigh the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, Lilly requests confirmation that these cases will not be tried together and clarification as to which case will be tried first. Such will assist the parties and the Court plan for whichever case is tried on May 5, 2015, including determining the length of the trial and facilitating fact and expert witness attendance.

To the extent Plaintiffs survive Lilly's pending motions for summary judgment, Lilly has no preference as to which case gets tried first as long as they are tried individually.

Plaintiffs, on the other hand, have taken the position that because their cases were set for trial on the same day, this Court must intend to try them together, notwithstanding that no Court has made such a "pronouncement." Accordingly, good cause exists to have Lilly's application heard ex parte as Lilly must make arrangements for fact and expert witnesses to appear at trial and it is impossible to finalize those arrangements until there is clarity on this issue, especially since a joint trial will substantially extend the schedule of proceedings.

If the Court is even inclined to entertain a last-minute request by Plaintiffs for a

joint trial, such should be denied because consolidation will undoubtedly confuse the jury, convolute the issues, and preclude Lilly from presenting case-specific defenses against each individual plaintiff rather than against a composite whole. Indeed, the Plaintiffs here have different medical histories; were allegedly prescribed Cymbalta over different periods of times by different physicians for different reasons and discontinued their Cymbalta treatment in different ways. Lilly submits that the factual and legal issues inherent in Plaintiffs' claims are not susceptible to common proof and will not increase judicial efficiency.

### A. Plaintiff-Specific Factual Issues Make These Cases Unsuitable For A Consolidated Trial

While each Plaintiff alleges injury from their discontinuation of Cymbalta, the similarities in their cases end there. Indeed, each case involves a series of discrete, individualized inquiries that must be addressed prior to any determination of causation or liability.

For instance, Plaintiff Claudia Herrera took Cymbalta in 2007 for depression, she stayed on the medicine for five years, and she now claims long-term consequences resulting from her discontinuation. By contrast, Plaintiff Nikki Hexum began taking Cymbalta in 2012, by which time the FDA-approved label had undergone a wholesale reconfiguration pursuant to the FDA's new Prescription Labeling Rule. See 71 Fed. Reg. 3922 (Jan. 24, 2006). As a result, the labeling looks very different in 2012 compared to 2007, which will inevitably present issues of confusion for the jury in keeping the labeling straight. Moreover, Ms. Hexum took Cymbalta for a much shorter period -- only about a year -- not for depression, but for the pain disorder fibromyalgia. Thus, while Ms. Herrera's case will be dominated by testimony concerning depression, Hexum's case will focus on the disease of fibromyalgia -- another source of confusion for jurors. Finally, the nature and duration of each Plaintiff's alleged discontinuation symptoms varies significantly.

In addition, given that the learned intermediary doctrine applies here, there will

be a focus on the testimony of the prescribing and treating physicians. In a joint trial of these two cases, four (4) different physicians will be called to testify, because Ms. Herrera and Ms. Hexum each had separate physicians who prescribed Cymbalta and separate physicians whom they consulted when stopping Cymbalta. Testimony from four separate physicians would be difficultfor a jury to keep straight, risking significant jury confusion. But this physician testimony is the most important in the case, given each Plaintiff's obligation to prove that Lilly failed to adequately warn her prescribing physician of a risk that was "known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution" and that a different warning would have altered the physician's prescribing decision. *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984 (C.D. Cal. 2001), *aff'd*, 358 F.3d 659, 661 (9th Cir. 2004).

All of these factual differences will complicate the trial process and raise the likelihood of jury confusion and prejudice. For these very reasons, courts have repeatedly declined to permit consolidated trials of personal injury claims by multiple unrelated plaintiffs. See, e.g., *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) (abuse of discretion to consolidate cases alleging "different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants"); *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (reversing judgments after bifurcated trial because consolidated cases "involved different time periods"); *Johnson*, 2011 WL 1323883, at *4-5 (ordering the separate trials of two plaintiffs alleging similar injuries from cochlear implants where the cause of the device''s alleged failure was disputed and plaintiffs had received the implants seventeen months apart); *Agrofollajes, S.A. v. E.I. DuPont De Nemours & Co.*, 48 So. 3d 976, 988-89 (Fla. 2010) (finding that trial court erred in ordering a consolidated trial of all plaintiffs where ""the jurors were asked to recall a vast assortment of unique facts"" for each plaintiff including ""when the various symptoms manifested, what injuries [the product] allegedly caused, and what damage could be attributed to

– 7 –

other 14 causes,"" which ""almost guaranteed juror confusion""); *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1209 P10 (Miss. 2005) (a ""trial of the seven plaintiffs'' claims against the four doctors and [defendant] will inevitably result in ... confusing presentation of evidence""); *Hasman v. G. D. Searle & Co.*, 106 F.R.D. 459, 460-61 (E.D. Mich. 1985) (combined trial of three medical device claims inappropriate where "the unique details of each case would still need to be presented to the jury" and "[c]onsolidation would make trial confusing, unmanageable and perhaps inequitable"); *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1101 (Miss. 2004) (severing claims of former Propulsid users in part because of the plaintiffs' diverse medical histories and because claims would turn on the question of whether each prescribing physician would have prescribed Propulsid even with an allegedly "adequate" warning).

Given the rigors of proof each Plaintiff faces, Lilly submits that these cases are incompatible with a consolidated trial.

**B.     Consolidation Would Be Especially Prejudicial Given These Are The First Cymbalta Cases To Go To Trial**

The Manual for Complex Litigation cautions against joint trials in situations, like here, when a court is set to try the first few cases of a broader litigation:

> **In less mature mass tort cases, aggregation decisions may be more difficult and may require the judge to obtain additional information. If the injuries allegedly arise from new products or substances, or liability is predicated on novel legal claims, causation may be disputed or scientific evidence may be conflicting. If there are few prior verdicts, judgments, or settlements, additional information may be needed to determine whether aggregation is appropriate. The need for such information may lead a judge to require a number of single-plaintiff, single defendant trials, or other small trials. These trials would test the claims of causation and damages and whether the evidence applies across groups, in order to provide the necessary information as to whether aggregation is appropriate, the form and extent of aggregation, and the likely range of values of the various claims.**

§ 22.314, at 359 (4th ed. 2004).

At present, there are dozens of lawsuits pending in California and elsewhere involving claims substantially similar to the claims in these two cases. *Herrera* and *Hexum*, if they survive summary judgment, would be the first two cases to reach trial and effectively will serve as the first bellwethers. Accordingly, proceeding with separate trials is more important than if these were the only two cases pending, given that separate trials will allow the parties to obtain the informed verdicts of independent juries, better gauge the strengths and weaknesses of Plaintiffs' claims, Lilly's defenses, and jury perceptions, and assist in evaluating other claims for settlement. Consolidating the cases for trial, on the other hand, risks significant prejudice where the claims have never been litigated or tested on appeal. Indeed, other courts facing similar questions of consolidation have acknowledged that early trials of untested claims are critical. *See, e.g., In re Levaquin Prods. Liab. Litig.*, No. 08-1943 (JRT), 2009 WL 5030772 at *4 (D. Minn. Dec. 14, 2009) (in denying motion to consolidate the claims of three bellwether cases, the court recognized "the stakes are high: the initial bellwether trials in this MDL may serve as the basis for the parties' resolution of remaining, pending cases.")

## IV. CONCLUSION

Given the significance of these cases as the first Cymbalta trials and the risk of prejudice and confusion flowing from the Plaintiff-specific factual issues, Lilly respectfully requests clarification or confirmation that these two cases are not consolidated for trial. This issue requires prompt resolution given this Court's request of the parties to provide reliable trial estimates and the necessity of arranging for the attendance of witnesses at trial.

| | | |
|---|---|---|
| 1 | DATED: April 16, 2015 | REED SMITH LLP |
| 2 | | COVINGTON & BURLING LLP |
| 3 | | */s/ David E. Stanley* |
| | | David E. Stanley |
| 4 | | REED SMITH LLP |
| 5 | | Michael X. Imbroscio (*pro hac vice*) |
| | | Phyllis A. Jones (*pro hac vice*) |
| 6 | | COVINGTON & BURLING LLP |
| 7 | | Attorneys for Defendant |
| | | Eli Lilly And Company |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware