David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com

Michael X Imbroscio *(pro hac vice)*
Paul W. Schmidt *(pro hac vice)*
Phyllis A. Jones *(pro hac vice)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com
kpaley@cov.com

Attorneys for Defendant
Eli Lilly and Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM & NICK HEXUM, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, an Indiana corporation, <br><br> Defendant. <br><br> * * * <br><br> CLAUDIA HERRERA and PETER LOWRY, <br><br> Plaintiffs, <br><br> v. <br> ELI LILLY AND COMPANY, an Indiana corporation, <br><br> Defendant. | Case No.: 2:13-cv-2701 SVW-MANx <br><br> Case No.: 2:13-cv-2702 SVW-MANx <br><br> **DEFENDANT'S NOTICE OF EX PARTE APPLICATION AND APPLICATION FOR AN ORDER RESCHEDULING TRIALS** <br><br> Pre-Trial Conference (Herrera): <br>           Aug. 3, 2015 <br> Pre-Trial Conference (Hexum): <br>           Aug. 10, 2015 <br> Time:     3:00 PM <br> Location:   Courtroom 6 <br> Judge:    Hon. Stephen V. Wilson |

Case Nos.: 2:13-cv-2701 SVW-MANx and 2:13-cv-2702 SVW-MANx
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS

# NOTICE OF MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Eli Lilly and Company ("Lilly") applies ex parte for an Order rescheduling the pre-trial conference and trial in the *Herrera* matter for September 28, 2015 and in the *Hexum* matter for October 13, 2015.

Lilly makes this application ex parte because these cases are currently set for trial on August 4 and August 11, 2015, and, despite good cause, the Plaintiffs do not agree with the relief sought herein.

As evidenced by Exhibit A to the attached Declaration of Paul W. Schmidt, Lilly's counsel has informed counsel for Plaintiffs about the matters set forth in this application. Plaintiffs oppose the relief sought by this ex parte application.

Pursuant to Local Rule 7-19, Plaintiffs' counsel's contact information is set forth below:

Bijan Esfandiari, Esq.
besfandiari@baumhedlundlaw.com
BAUM HEDLUND ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
(310) 207-3233

Harris L. Pogust, Esq.
hpogust@pbmattorneys.com
T. Matthew Leckman, Esq.
mleckman@pbmattorneys.com
POGUST BRASLOW & MILLROOD, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
(610) 941-4204

This ex parte application is brought in good faith and for good cause, pursuant to Local Rule 7-19, and is supported by the accompanying Memorandum of Points and Authorities and the Declaration of Paul W. Schmidt.

-1-
Case Nos.: 2:13-cv-2701 SVW-MANx and 2:13-cv-2702 SVW-MANx
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| 1 | DATED: July 2, 2015 | Respectfully Submitted, |
| 2 | | /s/ David E. Stanley |
| 3 | | David E. Stanley |
| | | REED SMITH LLP |
| 4 | | |
| 5 | | Michael X Imbroscio (*pro hac vice*) |
| 6 | | Paul W. Schmidt (*pro hac vice*) |
| | | Phyllis A. Jones (*pro hac vice*) |
| 7 | | COVINGTON & BURLING LLP |
| 8 | | Attorneys for Defendant |
| 9 | | ELI LILLY AND COMPANY |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-2-

Case Nos.: 2:13-cv-2701 SVW-MANx and 2:13-cv-2702 SVW-MANx
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Eli Lilly and Company ("Lilly") respectfully moves the Court to reschedule the pre-trial conferences and trials currently set in these matters for start dates of August 3 and August 10, 2015 to September 28 and October 13, 2015, respectively.

Pursuant to the Court's November 4, 2014 Order, these matters were set for a joint pre-trial conference in April 2015 and trial in May 2015. *See* Dkt. #104 (*Hexum*); Dkt. #105 (*Herrera*). In accordance with this Court's Orders and local rules, the parties readied both matters for trial and made pre-trial filings, including motions for summary judgment, *Daubert* motions, motions in limine, exhibit lists, witness lists, memoranda of contentions of fact and law, proposed jury instructions, proposed *voir dire* questions, a proposed pre-trial conference order, and trial briefs. As of the Court's November 4, 2014 Order setting the May trial dates, Lilly also coordinated closely with its anticipated trial witnesses to ensure their availability for the May 2015 trial settings. Neither party has previously sought a continuance of the trial dates.

The Court vacated the *Hexum* trial date on April 17, 2015 and re-scheduled and then ultimately vacated the *Herrera* trial date on May 1, 2015. *See* Dkt. #271 (*Hexum*); Dkt. #274-275 (*Herrera*).

On June 18, 2015, the court presiding over two Cymbalta discontinuation matters pending in the Eastern District of Virginia issued an order setting those matters for trial on August 24, 2015. *See Ali v. Eli Lilly & Co.*, 1:14-cv-01615-AJT-JFA (E.D. Va.) (Dkt. # 112); *Hagan-Brown v. Eli Lilly & Co.*, 1:14-cv-01614-AJT-JFA (E.D. Va.) (Dkt. # 102).

On June 19, 2015, this Court denied Lilly's motions for summary judgment and set the current trial schedule. *See* Dkt. #306 (*Hexum* and *Herrera*).

-3-
Case Nos.: 2:13-cv-2701 SVW-MANx and  2:13-cv-2702 SVW-MANx
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS

After receiving the new trial dates, Lilly's counsel contacted Lilly's anticipated witnesses to inquire about their availability to appear under the revised trial schedule. Based upon those inquiries, Lilly's counsel understands that each of Lilly's primary trial witnesses have preexisting personal and professional commitments that conflict with the current trial schedule:

- Lilly's psychiatry expert, Dr. Douglas Jacobs, who is expected to testify in both trials, is unavailable August 10 - 14 due to his expert role in two previously-scheduled trials. He is, therefore, currently unavailable for the *Herrera* trial (given Plaintiff's prior time estimates) and, potentially, the *Hexum* trial (if the case moves more quickly than estimated). He is also unavailable from August 27 - September 7 due to a pre-planned vacation, from September 8 - September 21 due to his expert role in a previously-scheduled trial, and from October 30 - October 31 due to his previously-scheduled attendance at a professional conference. Schmidt Decl., at ¶ 2(a).

- Lilly's fibromyalgia expert, Dr. Michael Ferrante, who is expected to testify in the *Hexum* trial, is unavailable August 15 - 21 due to previously-scheduled professional meetings where he will be lecturing. He is, therefore, unavailable to participate in the *Hexum* trial as currently scheduled. He is also unavailable from September 18 - 21 due to previously-scheduled professional meetings where he will be lecturing. *Id.* at ¶ 2(b).

- Lilly's primary company witness, Dr. Stephen Knowles, who is expected to testify in both trials, is unavailable from August 7 - August 14 due to previously-scheduled family vacation, which conflicts with the *Herrera* trial. He is also unavailable on August 24 and from September 21-27 due to previously-scheduled professional meetings in Washington, D.C. and the United Kingdom. *Id.* at ¶ 2(c).

-4-
Case Nos.: 2:13-cv-2701 SVW-MANx and 2:13-cv-2702 SVW-MANx
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS

- Lilly's regulatory expert, Dr. Karen Becker, who may testify in both trials, is unavailable from August 13 - August 24 due to a pre-planned vacation abroad, which conflicts with both the *Herrera* and the *Hexum* trials as currently scheduled. She is additionally unavailable from August 27 - September 8 due to a pre-existing vacation and family wedding; and September 14 - 15 and September 22 - 23 due to observance of religious holidays. *Id.* at ¶ 2(d).

Additionally, Lilly's trial counsel expect to be unavailable from August 24 - September 4, 2015, due to the trial setting in the *Ali* and *Hagan-Brown* matters pending in the Eastern District of Virginia. *See id.* at ¶ 5.

On June 24, 2015, Lilly's counsel sought consent from Plaintiffs' counsel to the relief sought here. Plaintiffs' counsel declined to consent. *See id.* at Ex. A.

## ARGUMENT

Courts in this Circuit have granted motions to continue trials for good cause shown, and some have explicitly considered four factors: (a) the diligence of the moving party; (b) whether the need for a continuance can be met by a continuance; (c) the extent to which a continuance would inconvenience the court and other parties; and (d) the extent to which the moving party might suffer harm if the continuance is denied. *See, e.g.*, *E.E.O.C. v. Burrito Shoppe LLC*, 2008 WL 2397678, at *5 (D. Idaho June 10, 2008) (citing *United States v. Flynt*, 756 F.2d 1352, at 1358-59 (9th Cir. 1985)). Lilly has made the requisite showing here.

First, Lilly worked diligently to prepare for the May 2015 trials. Consistent with the Court's November 2014 Order setting these matters for trial in May 2015, Lilly's counsel worked to confirm that each of Lilly's principal fact and expert witnesses would be available for trial. As of the Court's April 17 and May 1 Orders vacating the trial dates pending resolution of Lilly's summary judgment motions, each of Lilly's witnesses was available to testify at trial, per the Court's Orders. *See* Schmidt Decl., at ¶ 3. Neither party requested a continuance of the trial dates. Lilly

-5-

does so here only for demonstrable good cause — the unavailability of key witnesses. Courts in this Circuit have repeatedly ruled that the inability of a party's critical trial witness to appear is a sufficient basis to support continuance of a trial. *See, e.g.*, *Am. Mfrs. Mut. Ins. Co. v. Carothers Constr. Inc.*, 2007 WL 2729849, at *1 (E.D. Cal. Sept. 19, 2007) (finding good cause to continue trial date due to unavailability of key witness); *Thornton v. Hill*, 2006 WL 624831, at *5 (E.D. Wash. Mar. 9, 2006) (granting motion to continue trial date in part because of unavailability of critical witness); *Maxwell v. Angel-Etts of Cal., Inc.*, 2001 WL 34133507, at *3 (C.D. Cal. July 9, 2001) (reflecting continuance while key witness recovered from surgery).

Second, an extension to the dates requested satisfies the underlying issue — the unavailability of Lilly's key witnesses under the current trial setting.[1] Lilly has confirmed with each of its anticipated trial witnesses that they will be available to testify under the schedule proposed here. Schmidt Decl., at ¶ 4. Thus, the continuance "would serve a useful purpose" — to ensure the availability of Lilly's key witnesses at trial. *See Kaina v. Cnty. of Maui*, 2007 WL 1153829, at *4 (D. Haw. Apr. 18, 2007) (interpreting second *Flynt* factor).

Third, neither the parties nor the Court would be prejudiced by the moderate extension requested here. *See Burrito Shoppe*, 2008 WL 2397678, at *5-6 (stating that 6-week continuance "will pose but a slight inconvenience to the Plaintiffs" and granting said continuance); *cf. Am. Mfrs.*, 2007 WL 2729849, at *1 (granting three-month trial continuance). In refusing Lilly's request for consent to this motion, Plaintiffs' counsel could not articulate any prejudice that would result from the limited scheduling relief requested. *See* Schmidt Decl., at Ex. A. Indeed, the Plaintiffs earlier sought and were provided an adjustment in the discovery schedule to substitute in, file a supplemental report from, and accommodate the European travel of one of their

---

[1] *Cf. Burrito Shoppe*, 2008 WL 2397678, at *5-6 (granting continuance despite lack of clear indication that it would address the issue raised by Defendants, due to prejudice to defendants from unavailable witness and only slight inconvenience to plaintiffs from continuance).

1  experts, Dr. Joseph Glenmullen.  *See* Dkt. #145 (*Herrera*); Dkt. #152 (*Hexum*).  And,
2  consistent with the Court's June 19 Order, Plaintiffs filed supplemental expert reports
3  (*Herrera*, Dkt. # 307; *Hexum*, Dkt. # 308) on June 29 that included materially
4  expanded opinions from their experts, Dr. Glenmullen and Louis A. Morris, Ph.D.
5  For example, Dr. Glenmullen now purports to opine on documents that he had not
6  reviewed before filing his prior reports and asserts opinions that Lilly has not yet had
7  an opportunity to examine by deposition.  Continuing the trial dates would allow the
8  Court time to address any pretrial motions occasioned by Plaintiffs' significant
9  supplemental submissions, including holding a *Daubert* hearing if it agrees with
10 Lilly's request for one, as well as addressing the pending motions in limine.  *See* Dkt.
11 #306 (*Hexum* and *Herrera*) (setting schedule such that *Daubert* motions would not be
12 fully briefed until July 14, 2015).

13      <u>Finally</u>, Lilly will be prejudiced if its four primary witnesses are unavailable to
14 testify in its defense.  *See Burrito Shoppe*, 2008 WL 2397678, at *5 (stating that "the
15 continuance will be granted, because there is a risk of prejudice to Defendants posed
16 by . . . the fact that a key defense witness is currently unavailable"); *see also State*
17 *Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1213 (D. Haw. 2011) ("Of
18 the four factors, potential prejudice is the most important.").  Without their testimony,
19 Lilly would not be able to present a live company representative to the jury and, most
20 importantly, would not be able to rebut fairly and fully the opinions of Plaintiffs'
21 regulatory and causation experts at trial.

22      In light of the foregoing, Lilly respectfully requests that the Court reschedule
23 the *Herrera* pre-trial conference and trial for a beginning date of September 28, 2015
24 and reschedule the *Hexum* pre-trial conference and trial for a beginning date of
25 October 13, 2015.  If the requested dates conflict with the Court's calendar, Lilly is
26 willing and available to work with Plaintiffs and the Court to find alternative trial
27 dates that are mutually agreeable .

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-7-
<u>Case Nos.: 2:13-cv-2701 SVW-MANx and  2:13-cv-2702 SVW-MANx</u>
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 2, 2015 | Respectfully Submitted, |
| 3 | | /s/ David E. Stanley |
| 4 | | David E. Stanley<br>REED SMITH LLP |
| 5 | | Michael X Imbroscio (*pro hac vice*) |
| 6 | | Paul W. Schmidt (*pro hac vice*)<br>Phyllis A. Jones (*pro hac vice*) |
| 7 | | COVINGTON & BURLING LLP |
| 8 | | Attorneys for Defendant<br>ELI LILLY AND COMPANY |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-8-
Case Nos.: 2:13-cv-2701 SVW-MANx and  2:13-cv-2702 SVW-MANx
DEFENDANT'S EX PARTE APPLICATION
FOR AN ORDER RESCHEDULING TRIALS